Feb. 17, 1934.

OPINION OF THE JUSTICES.

The following resolution was adopted by the governor and council:

"Whereas, there are now pending before the Federal Government applications from various towns in the state for loans from the government amounting to approximately one million dollars for public works to aid unemployment in the state and

Whereas, the federal government has given its opinion that the votes authorizing bond issues for said loans do not conform to the laws of New Hampshire and has also refused to accept the opinion of the Attorney-General and of bond counsel that the said votes are legal authority for said bond issues,

Now Therefore be it resolved that the opinion of the Justices of the Supreme Court be requested upon the following important question of law arising on account of the above stated applications to the federal government:

Does Section 5 of Chapter 42 of the Public Laws of New Hampshire, as amended by "An Act Relating To Special Town And School District Meetings," approved March 17, 1927, (Chapter 56, N. H. Laws of 1927) have the effect of amending or repealing Section 9 of Chapter 59 of the Public Laws of New Hampshire to the extent that where permission is granted by the superior court to a town to hold a special town meeting, the issue of bonds at such special town meeting may be authorized by a vote of two-thirds of all the voters present and voting at such special meeting, in the event that a majority of all the legal voters are not present and voting?

JOHN G. WINANT,
Governor of New Hampshire

(Seal of N. H.)

ATTEST:
Enoch D. Fuller
Secretary of State.

| J. C. MacLeod | |
| Chas. H. Brackett | Members |
| Alphonse Roy | of the |
| Francis P. Murphy | Council |
| Charles E. Carroll | |

February 15, 1934."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned, the justices of the supreme court, have received your resolution of February 15, 1934, and make the following answer:

By the act authorizing applications to the United States for aid under the national recovery act, or other federal legislation, it is provided that the governor and council may authorize counties and municipalities to exceed their respective statutory debt limits, for the purpose of taking advantage of such federal aid. In granting

such authority, the governor and council are empowered to "prescribe the terms and conditions upon which such debt limitations may be exceeded." Laws 1933, *c.* 162, *s.* 4. It is stated that such applications to you have already been made. In the consideration of the question whether leave to exceed the debt limit should be granted, and if so upon what terms and conditions, the validity of the votes taken by the town or district is of consequence. The situation is therefore one where it becomes our duty to answer the question which you have propounded. *Opinions of the Justices*, 73 N. H. 621; 75 N. H. 613.

Chapter 56 of the Laws of 1927 provides for calling special meetings of towns and school districts, in case of emergency, upon application to and by permission of the superior court, and that at meetings so called the permission "shall give said meeting the same authority as the annual" town or district meeting. *Ib., ss.* 1, 2. It also provides in terms for the repeal of all inconsistent acts. *Ib., s.* 3. A like provision as to village districts was adopted in 1931. Laws 1931, *c.* 103.

The question presented by your resolution relates to the effect of these acts upon the provisions of Public Laws, chapter 59, section 9, which theretofore limited the power of all special municipal meetings in the matter of voting an issue of bonds. In view of the manner in which provision for the payment of municipal debts is required (P. L., *c.* 59, *s.* 3), the object of the act of 1927 must have been to remove, in these instances, the limitation upon authority to act at a special meeting, imposed by said section 9.

At a special meeting called with the prescribed permission of the superior court, a town or a district may legally vote an issue of bonds, regardless of the total number present and voting. If two-thirds of those so participating vote for the issue, the action taken is valid, in so far as the number voting is concerned.

ROBERT J. PEASLEE.
JOHN E. ALLEN.
THOMAS L. MARBLE.
OLIVER W. BRANCH.
PETER WOODBURY.

February 17, 1934.